**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10235 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00011-RLH |
| v. | |
| GREGORY WILSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted February 15, 2011**

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Gregory Wilson appeals his jury-trial conviction and 240-month sentence

for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1)

and 924(a)(2).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Wilson contends his Sixth Amendment right to compulsory process was violated, because the prosecutor's statement expressing concerns about whether a proposed defense witness had been provided an attorney to advise her of the consequences of perjurious testimony caused him not to call the witness. A review of the record shows no plain error where the prosecutor's brief, mildly worded statement was neither coercive nor intimidating, and did not interfere with the witness' decision whether to testify. *See United States v. Jaeger*, 538 F.3d 1227, 1232 (9th Cir. 2008); *see also United States v. Vavages*, 151 F.3d 1185, 1189 (9th Cir. 1998) ("A defendant's constitutional rights are implicated only where the prosecutor or trial judge employs coercive or intimidating language or tactics that substantially interfere with a defense witness' decision whether to testify.").

**AFFIRMED.**